

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Will Mann Richardson
Assistant Secretary of State
Austin, Texas

Dear Sir:

> Opinion No. O-4137
> Re: Amount of filing fee and
> franchise tax to be paid by
> a corporation.

Your request for an opinion of this department reads:

"We have been furnished with an application for a charter of the above named corporation. The purpose stated in the charter is:

"'The support of any literary and scientific undertaking, to-wit: to aid in making available to civic and cultural organizations and groups the services of authorities in various governmental, civic and cultural fields.'

"Subdivision 6 of the application states that there is no capital stock, no assets and that the corporation is not organized for profit.

"This Department has raised the question as to whether the corporation should be exempt from franchise tax and pay only the $10.00 filing fee. You will note that the latter part of the purpose clause shows that this corporation is going to furnish civic organizations with the services of authorities in various fields. This Department was of the opinion that in so doing, the corporation was actually acting as a 'booking agency for lecturers' and should pay a $50.00 filing fee and an annual franchise tax, even though it was not organized for profit.

"We should be pleased to have an opinion from your Department as to what filing fee should

be charged and whether the corporation is subject to the payment of an annual franchise tax."

The incorporators of the proposed corporation are apparently seeking to incorporate under Section 3 of Article 1302 of the Revised Civil Statutes which reads:

"The support of any literary and scientific undertaking; the maintenance of a library, or promotion of painting, music and other fine arts."

You state in your letter that your department is of the opinion that the purpose clause as stated in the charter application would constitute the organization a booking agency for lecturers requiring the payment of a $50.00 filing fee. If such is your opinion, we find no appropriate subdivision of Article 1302 under which a booking agency could be incorporated. We do not in this opinion pass upon the question of whether the purpose clause submitted appropriately comes under Subdivision 3, supra, as such question is not before us.

If you should, in the exercise of your discretion, determine that such proposed corporation is in fact one for a literary and scientific purpose under such Subdivision 3 then we submit for your guidance the following discussion of the law applicable thereto.

Article 3914, Revised Civil Statutes, provides in part that the Secretary of State shall collect as fees:

"Upon filing each charter, amendment or supplement thereto of a corporation for the support of public worship, any benevolence, charitable, educational, missionary, literary or scientific undertaking,. . . a filing fee of $10.00 . . ." (Underscoring ours)

Article 7094, Revised Civil Statutes, exempts certain corporations from the payment of franchise taxes. It reads:

"The franchise tax imposed by this chapter shall not apply to any insurance company, surety,

Honorable Will Mann Richardson, Page 3

guaranty or fidelity company, or any transportation company, or any sleeping, palace car and dining car company which is now required to pay an annual tax measured by their gross receipts, or to corporations having no capital stock and organized for the exclusive purpose of promoting the public interest of any city or town, or to corporations organized for the purpose of religious worship, or for providing places of burial not for private profit, or corporations organized for the purpose of holding agricultural fairs and encouraging agricultural pursuits, or for strictly educational purposes, or for purely public charity."

There are several other statutes exempting certain designated types of corporations from the payment of franchise taxes among which are Articles 1407, 2512, 2518 and 2509. None of these statutes, however, specifically mention a corporation organized for the purpose of supporting a literary or scientific undertaking.

It is too fundamental to require the citation of authorities that one claiming an exemption from the payment of taxes must clearly come within the exemptions therefrom provided by the law. It is our opinion, therefore, that if such proposed charter is granted as a literary and scientific undertaking a filing fee of $10.00 will be chargeable and that such corporation will be liable for franchise taxes under the provisions of Article 7094, supra.

Yours very truly

APPROVED OCT 27, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:LM

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN